IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TURTLE ISLAND RESTORATION ) | CV. NO. 09-00598 DAE-KSC |
| NETWORK; CENTER FOR ) | CV. NO. 10-00044 DAE-KSC |
| BIOLOGICAL DIVERSITY; and ) | |
| KAHEA: THE HAWAIIAN ) | |
| ENVIRONMENTAL ALLIANCE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF COMMERCE; NATIONAL ) | |
| MARINE FISHERIES SERVICE; ) | |
| and GARY LOCKE, in his official ) | |
| capacity as Secretary of the ) | |
| Department of Commerce, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| HAWAII LONGLINE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant-Intervenor ) | |
| _____ ) | |
| HAWAII LONGLINE ) | |
| ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NATIONAL MARINE FISHERIES ) | |
| SERVICE; and GARY LOCKE, in ) | |

his official capacity as Secretary of      )
the Department of Commerce,                )
                                           )
            Defendants.                    )
_____           )
                                           )

ORDER: (1) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT; (2) GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED COMPLAINT; (3) DENYING AS MOOT PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; (4) DENYING AS MOOT HLA'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (5) DENYING WITHOUT PREJUDICE HLA'S MOTION TO ENLARGE THE ADMINISTRATIVE RECORD

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Plaintiffs' motion for partial summary judgment and HLA's counter-motion for partial summary judgment, and the supporting and opposition memoranda, the Court:  (1) **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint (Doc. # 1); (2) **GRANTS** Plaintiffs leave to file a First Amended Complaint; (3) **DENIES AS MOOT** Plaintiffs' Motion for Partial Summary Judgment (Doc. # 55); (4) **DENIES AS MOOT** HLA's Counter-motion for Partial Summary Judgment (Doc. # 73); and (5) **DENIES WITHOUT PREJUDICE** HLA's Motion to Supplement the Administrative Record (Doc. # 69).

BACKGROUND

This matter concerns a Final Rule issued by the National Marine Fisheries Service ("NMFS"), implementing Amendment 18 to the Fishery Management Plan to change limits set on the Hawai`i-based swordfish longline fishery.  Plaintiffs Turtle Island Restoration Network, Center for Biological Diversity, and KAHEA are non-profit environmental organizations and corporations (collectively, "Plaintiffs").  On December 16, 2009, Plaintiffs filed their Complaint against Defendants United States Department of Commerce, Gary Locke in his official capacity, and NMFS (collectively, "Federal Defendants").  (Doc. # 1.)  Hawaii Longline Association ("HLA") filed a motion to intervene, which was granted on February 12, 2010.  (Doc. # 20.)

As recounted in the Complaint and the parties' various filings, management of the Hawai`i longline fishery has been substantially litigated.  This particular action stems from the December 10, 2009 Final Rule issued by NMFS implementing Amendment 18 to the Fishery Management Plan.  (Doc. # 1 ¶ 71.) Among other things, the Final Rule increases the annual number of allowable incidental interactions that occur between the fishery and loggerhead sea turtles.

Plaintiffs advance five causes of action in the Complaint.  Federal Defendants have allegedly violated the Migratory Bird Treaty Act ("MBTA"), 16

3

U.S.C. § 703 et seq., Sections 7 and 9 of the Endangered Species Act ("ESA"), 16

U.S.C. § 1531 et seq., the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §

1361 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et

seq.

On April 5, 2010, Plaintiffs' action was consolidated with a case filed

on January 22, 2010 by HLA against Locke and NMFS.  (Civ. No. 10-00044 Doc.

# 24.) HLA's suit seeks declaratory and injunctive relief based on NMFS's alleged

failure to issue determinations and authorizations pursuant to the Marine Mammal

Protection Act and the Endangered Species Act.  The motions currently before this

Court do not pertain directly to HLA's own Complaint.

On March 17, 2010, Plaintiffs filed a Motion for Partial Summary

Judgment as to Counts I, II, and III of their Complaint.  (Doc. # 55.)  On June 7,

2010, HLA filed an Opposition and Counter-motion, (Doc. # 73), to which

Plaintiffs filed a Reply and Opposition on June 14, 2010, (Doc. # 79).  HLA filed a

Reply in support of its Counter-motion on June 17, 2010.  (Doc. # 80.)  On June 7,

2010, Federal Defendants filed an Opposition to Plaintiffs' motion, (Doc. # 76), to

which Plaintiffs filed a Reply on June 14, 2010, (Doc. # 78).

<u>DISCUSSION</u>

Before reaching the merits of Counts I, II, and III, the Court must first address Federal Defendants' contention that Plaintiffs have failed to properly plead their claims pursuant to the judicial review provisions within the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§1801 et seq.  (Fed. Def. Opp'n at 12-13.)  Jurisdiction is a threshold matter for this Court, which must be considered prior to reaching the merits of Plaintiffs' case and the motions for summary judgment.

The MSA "established a national program for the management and conservation of fishery resources" and  "provides for judicial review in accordance with the APA of '[r]egulations promulgated by the Secretary' and 'actions that are taken by the Secretary under regulations which implement a fishery recovery plan."  <u>Turtle Island Restoration Network v. U.S. Dep't of Commerce</u>, 438 F.3d 937, 938, 940 (9th Cir. 2006).

The applicable provision of the MSA reads: "Regulations promulgated by the Secretary under this chapter and actions described in paragraph (2) shall be subject to judicial review . . . if a petition for such review if filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register."  16 U.S.C. § 1855(f)(1).  The "actions" in

5

paragraph (2) are those "taken by the Secretary under regulations which implement a fishery management plan." Id. § 1855(f)(2).

The parties in this case are familiar with this Court's ruling in Turtle Island Restoration Network v. U.S. Dep't of Commerce, 351 F. Supp. 2d 1048 (D. Haw. 2005), which involved a case with similar facts.[1]  At issue in Turtle Island was NMFS's approval of an amendment to the Fishery Management Plan and issuance of a final rule to establish various measures, including eliminating seasonal closures for longline fishing. Id. at 1050.  NMFS promulgated a final rule implementing the amendment and reopened the swordfish fishery.  The plaintiffs in Turtle Island framed their challenge in terms of the Migratory Bird Treaty Act, the Endangered Species Act, the Administrative Procedure Act, and the National Environmental Policy Act. Id.  The defendants in Turtle Island argued that NMFS had authorized re-opening the fishery pursuant to its authority under the Magnuson-Stevens Act and therefore the plaintiff's action was bound by the 30-day statute of limitations in the MSA. Id.  This Court found that its jurisdiction turned "on whether Plaintiffs' claims [were] accurately characterized as violations of various environmental statutes, or if Plaintiffs [were] actually attacking the

---

[1] Turtle Island Restoration Network, the Center for Biological Diversity, the U.S. Department of Commerce, and the National Marine Fisheries Service were all parties to that action.

regulation promulgated pursuant to the MSA, thus implicating the time bar of 16

U.S.C. § 1855(f)."   Id. at 1051.   Because NMFS had promulgated the reopening of

the fishery pursuant to its authority under the MSA and through publication in the

Federal Register, any challenge to that amendment had to be brought within 30

days.   Id.   The plaintiffs' claims "[flowed] from the reopening of the Fishery

pursuant to a properly promulgated amendment to the FMP," and the Court lacked

jurisdiction over the claims filed beyond the 30 day bar.   Id. at 1054.

On February 21, 2006, the Ninth Circuit affirmed this Court's Turtle

Island ruling.   Turtle Island Restoration Network v. U.S. Dep't of Commerce, 438

F.3d 937 (9th Cir. 2006).   The Ninth Circuit agreed that, although the plaintiffs had

framed their complaint in terms of violations of the APA and other environmental

statutes, the plaintiffs were actually challenging the reopening of the Fishery, and

the MSA's statute of limitations applied.   Id. at 939.   In finding the plaintiffs'

claims to be barred, the Ninth Circuit noted that the MSA and it's limitation is

applicable to both substantive and procedural challenges to agency action.   Id. at

946.

The Ninth Circuit observed that the MSA's limitation did not bar all

types of environmental litigation.   Id. at 948-49.   For instance, the MSA limitation

would not cover claims that NMFS failed to reinitiate consultation when allowable

"takings" are exceeded, when new information not previously included in the biological opinion is available, or to supplement environmental impact statements. Id. at 949.  The limitation does apply, however, to challenges to regulations promulgated pursuant to the MSA.  Id.

Similarly, in Sea Hawk Seafoods, Inc. v. Locke, the Ninth Circuit again held that challenges to regulations that were promulgated to implement an amendment to an FMP were subject to the MSA's 30- day limitation.  568 F.3d 757, 765 (9th Cir. 2009).  "Although the Agency's final rule indicates that the 2002 Regulations were intended to 'implement' certain AFA-related amendments . . . the 'purpose and scope' section of the final rule plainly [stated] that the regulations 'were developed by NMFS and the Council under the Magnuson-Stevens Act and the American Fisheries Act.'"  Id. at 765 (citations omitted).  The regulations "were published by the Secretary upon receipt, and a public comment period of sixty days was provided."  Id. at 765.  The Ninth Circuit concluded that the regulations were promulgated under the MSA, even if only in part, and the 30-day review period barred the plaintiffs' challenge.  Id.

In the case now before this Court, the gravamen of Plaintiffs' complaint is the Final Rule implementing Amendment 18 to the FMP.  The first paragraph of Plaintiffs' Complaint reads: "This action challenges defendants'

decision, in their Final Rule implementing the management measures in

Amendment 18 to the Fishery Management Plan ("FMP") for the Pelagic Fisheries

of the Western Pacific Region ("Final Rule"), to remove all limits on the amount of

fishing they allow the Hawai`i-based swordfish longline fishery (the "Fishery")."

(Compl. ¶ 1.) The Court finds that Plaintiffs are, in essence, seeking judicial review

of a regulation promulgated under the MSA – Amendment 18 and the subsequent

agency rules.  Their claims clearly "flow" from the amendment and promulgated

rules.  Indeed, Plaintiffs state they are "entitled to summary judgment and vacatur

of the amendment."  (Pl. Reply to Fed. Def. at 5.)

   NMFS's Final Rule was published in the Federal Register on

December 10, 2009, to be effective January 11, 2010.  <u>See</u> 74 Fed. Reg. 65,460,

65,480 (Dec. 18, 2009) (to be codified at 50 C.F.R. pt. 300 & 665).  NMFS

published the proposed rule on June 19, 2009, and the public comment period

ended on August 3, 2009.  <u>Id.</u> at 65,461.  NMFS received public comments and

provided published responses.  <u>Id.</u>  The rule "removes the annual limit on the

number of fishing gear deployments (sets) for the Hawaii-based pelagic shallow-

set longline fishery, and increases the annual number of allowable incidental

interactions that occur between the fishery and loggerhead sea turtles."  <u>Id.</u> at

65,460.  The rule notes that the "Council submitted Amendment 18 and draft

regulations to NMFS for review under the Magnuson-Stevens Fishery

Conservation and Management Act." Id.  The final rule "implements the

management provisions in Amendment 18." Id.  Under the final rule, the longline

fleet is prohibited from interacting with "more than 46 loggerhead sea turtles or 16

leatherback sea turtles each year." Id.  The rule also "removes the annual limits on

shallow-set fishing effort and the requirements of the shallow-set certificate

program found at 50 CFR 665.22, the related prohibitions at 50 CFR 665.22, and

the definition of a shallow-set certificate found at 50 CFR 665.12. Id. at 65,461.

The Court finds this action to be substantially similar to Turtle Island

and Sea Hawk Seafoods, and the Ninth Circuit's opinions are controlling on this

matter.  Plaintiffs' claims are not "purely" an ESA or MBTA charge.

Plaintiffs had 30 days after the Final Rule was published in the

Federal Register to commence this action.  The Final Rule was published

December 10, 2009.  Plaintiffs filed this action on December 16, 2009, within the

30-day statute of limitations period.  Plaintiffs must, however, cure the pleading

deficiencies in their Complaint.  The Complaint makes no reference to the

Magnuson-Stevens Act at all, and instead construes the action as brought purely

under the ESA, the MBTA, the MMPA, and the APA.  Accordingly, the Court

DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint and GRANTS

Plaintiffs leave to file a First Amended Complaint, properly pled pursuant to the MSA and other applicable statutes.  The Court emphasizes that this Order does not reach the substantive merits of Plaintiffs' Complaint; rather, this Order grants Plaintiffs leave to cure the procedural deficiencies in their pleading and properly establish this Court's jurisdiction over the matter.

In light of the foregoing, Plaintiffs' motion and HLA's counter-motion are DENIED AS MOOT.  HLA's motion to supplement the administrative record is DENIED WITHOUT PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated above, the Court: (1) DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint; (2) GRANTS Plaintiffs leave to file a First Amended Complaint; (3) DENIES AS MOOT Plaintiffs' Motion for Partial Summary Judgment; (4) DENIES AS MOOT HLA's Counter-motion for Partial Summary Judgment; and (5) DENIES WITHOUT PREJUDICE HLA's Motion to Supplement the Administrative Record.

Plaintiffs are granted no more than 30 days from the filing of this Order within which to file a First Amended Complaint in conformity with this Order.  Plaintiffs are advised that the well-pleaded complaint rule requires Plaintiffs to properly plead their claims in order for the Court to exercise

jurisdiction over this action.  Failure to comply with this Order may result in

dismissal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 24, 2010.

_____
David Alan Ezra
United States District Judge

Turtle Island Restoration Network, et al. v. U.S. Department of Commerce, et al.,
CV No. 09-00598 DAE-KSC; ORDER: (1) DISMISSING WITHOUT
PREJUDICE PLAINTIFFS' COMPLAINT; (2) GRANTING PLAINTIFFS
LEAVE TO FILE A FIRST AMENDED COMPLAINT; (3) DENYING AS
MOOT PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; (4)
DENYING AS MOOT HLA'S COUNTER-MOTION FOR PARTIAL
SUMMARY JUDGMENT; AND (5) DENYING WITHOUT PREJUDICE HLA'S
MOTION TO ENLARGE THE ADMINISTRATIVE RECORD